FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOCHAMAD HANIFA
DANADIBRATA; RENI INDRIANI,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-73659

Agency Nos. A096-364-546
A096-364-547

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Mochamad Hanifa Danadibrata and his wife, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Danadibrata's asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, the asylum claim fails.

Substantial evidence supports the IJ's adverse credibility determination because Danadibrata's asylum application omitted both the threats by a group of radical Muslims, and an attack and injury.  *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (petitioner's omission of a "dramatic pivotal event" from his asylum application supported adverse credibility determination); *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (we must uphold an adverse credibility finding "so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution.").  In the absence of credible testimony, Danadibrata's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Danadibrata's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to Indonesia, his CAT claim fails. *See id*. at 1156-57.

Finally, we reject Danadibrata's contention that the case should be remanded for adjudication of his wife's asylum claim because his wife filed a derivative asylum application and did not raise any independent grounds for relief. *See* 8 U.S.C. § 1158(b)(3).

**PETITION FOR REVIEW DENIED.**